## LAKE SHORE & M. S. RY. CO. v. EDER.

(Circuit Court of Appeals, Sixth Circuit. December 7, 1909.)

No. 1,948.

1. COURTS (§ 314*)—JURISDICTION OF FEDERAL COURTS—CITIZENSHIP OF COR-
PORATION.

A corporation incorporated in several states, including the one in which
suit is brought against it, must be regarded as a citizen of the latter
state for the purpose of determining the jurisdiction of a federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 860; Dec. Dig. §
314.*

Diverse citizenship as a ground of federal jurisdiction, see note to
Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

2. COURTS (§ 260*)—JURISDICTION OF FEDERAL COURTS.

In a transitory action in a federal court, as for a tort, the jurisdiction
of the court is not affected by the fact that the cause of action arose in
another state of which plaintiff is a citizen.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 269.*]

3. APPEAL AND ERROR (§ 273*)—EXCEPTIONS.

Where pending an action at law and before trial on the merits an is-
sue as to the validity of a settlement is by stipulation submitted to the
court to determine both the facts and law, a general exception to its
finding which does not indicate the ground on which it is based does not
present any question for review by an appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1620–
1630; Dec. Dig. § 273.*]

4. MASTER AND SERVANT (§ 286*)—ACTION FOR INJURY TO SERVANT—SUFFI-
CIENCY OF EVIDENCE.

Evidence on behalf of the plaintiff in an action against a railroad com-
pany for an injury to an employé held sufficient to justify the submission
of the case to the jury.

[Ed. Note.—For other cases, see Master and Servant. Dec. Dig. § 286.*]

5. APPEAL AND ERROR (§ 231*)—REVIEW—RULINGS ON ADMISSION OF EVI-
DENCE—OBJECTIONS.

Objections to the admission of evidence which do not state the grounds
on which they are based will not support exceptions to the rulings
thereon.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1299,
1352; Dec. Dig. § 231;* Trial, Cent. Dig. §§ 194–210.]

·In Error to the Circuit Court of the United States for the North-
ern District of Ohio:

Action by John Eder, Jr., against the Lake Shore & Michigan South-
ern Railway Company. Judgment for plaintiff, and defendant brings
error. Affirmed.

F. S. McGowan, for plaintiff in error.

Anderson, Anderson & Barnum, for defendant in error.

Before LURTON, SEVERENS, and WARRINGTON, Circuit
Judges.

SEVERENS, Circuit Judge. The plaintiff in this case was a brake-
man in the employment of the defendant, and on August 22, 1907, was
in service on a freight train running on the road of the defendant

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

near Stoneboro, Pa., when from accident resulting, as he says, from the negligence of the defendant in failing to keep its roadbed in order and its ties and rails in proper order and position, the train ran off the track and he was severely injured. He brought this suit to recover damages in the Circuit Court for the Northern District of Ohio and obtained a verdict and judgment therefor. There are three leading questions raised and there are also miscellaneous points, some of which are of sufficient importance to be considered.

The first question is one which relates to the jurisdiction of the Circuit Court. The plaintiff is a citizen of Pennsylvania. The defendant is a constituent of a company consisting of several companies incorporated in each of the states of Ohio and Pennsylvania and still others. The division of its road on which the accident occurred is partly in each of the above-named states, extending from Ashtabula, Ohio, to Stoneboro. The defendant by proper plea interposed the defense that the requisite diversity of citizenship did not exist. The plea was overruled and the jurisdiction sustained. It was there, and is here, contended that, as the defendant is a citizen of Pennsylvania as well as of Ohio, the plaintiff could not maintain a suit against the company in a federal court in the state of Ohio for a cause of action arising in his own state, or, as otherwise stated, that, the plaintiff and the defendant being both citizens of Pennsylvania, there could be no federal jurisdiction there or elsewhere. This contention is plausible, but not sound. The cause of action was transitory, and a suit upon it might be brought in the courts of any state where proper service of process could be had and it could be brought in any federal court where diversity of citizenship existed. The circumstance that the cause of action arose in Pennsylvania is wholly immaterial. The court below whose jurisdiction was invoked was administering the law of Ohio, and that law regards the corporation sued as the one of its own creation, and it is indifferent to the fact, if it exists, that some other state has incorporated it, or suffered it to be incorporated. Although for some purposes a body incorporated in several states may be regarded as an entity, it is not so for all. It is likely to have different attributes in each state arising from different laws which affect it. It might acquire franchises in one state which it does not possess in others. An incorporation by one state of the same individuals is not the adoption of the corporation of another state. These considerations furnish a reason why it is that, where a corporation of a state is sued in its own courts, regard is had to it only as a creation of that state for all purposes of jurisdiction. Business enterprises in which a combination of such corporations may engage, create common rights, and entail joint liabilities. These, however, concern the activities of the corporations, and not their essential character. When the idea is grasped that whenever a corporation is sued in a state by whose laws it has been created and the question of its citizenship is involved, the court will regard the corporation intended as defendant as the one created and existing by the laws of that state, we have the key to the solution of the inquiry. The laws of the state are the mould in which the corporation is cast and continues to exist. It derives its faculties from those laws; and the fact that it may be allowed to exercise those faculties in another state, how-

174 F.—60

ever freely or with whatever limitations, does not alter its essential character in the state of its creation. It is a citizen of that state and of no other, whatever privileges it·may there be permitted to enjoy, even though they be identical with those it enjoys at its home. But we have dwelt long enough upon the reasons upon which we conceive the doctrine relating to this subject rests. We have done this in response to suggestions and arguments advanced for the plaintiff in error. The question itself is, we think, settled for us by the authority of decisions of the Supreme Court as well as of a decision of our own. Railroad Co. v. Whitton, 13 Wall. 270, 20 L. Ed. 571; Nashua & Lowell R. Co. v. Boston & Lowell R. Co., 136 U. S. 356, 10 Sup. Ct. 1004, 34 L. Ed. 363; Muller v. Dows, 94 U. S. 444, 24 L. Ed. 207; Patch v. Wabash R. Co., 207 U. S. 277, 28 Sup. Ct. 80, 52 L. Ed. 204; Williamson v. Krohn, 66 Fed. 656, 13 C. C. A. 668.

In Nashua, etc., R. Co. v. Boston, etc., R. Co., the suit was brought by one constituent of a combination against the other in the federal Circuit Court in Massachusetts. The combination bore the name of the complainant which was incorporated in New Hampshire. The defendant was a Massachusetts corporation. But by the reciprocal legislation of both states they had been united for the purposes of management and operation and their stock had been fused; and the property of each corporation was declared to be the joint property of the stockholders of both. This legislation had been accepted by the stockholders of both corporations, and a single board of directors had managed the property as a unit for more than forty years. The plea that there was no diversity of citizenship was overruled, and the jurisdiction was sustained.

In the case of Patch v. Wabash R. Co. the suit was brought by a citizen of Illinois in a court of the state of Illinois against a corporation which was consolidated under the several laws of Illinois and several other states. The petition for removal alleged that the plaintiff was a citizen of Illinois, and that the defendant was a corporation organized under the laws of Ohio and was a citizen of that state; and, upon these bare facts, sufficient grounds for removal were stated. But, on the case coming into the federal court, the plaintiff filed a plea setting forth that the defendant was not only a citizen of Ohio as the petition for removal alleged it to be, but was also a citizen of Illinois and still other states. This method of raising an issue upon the validity of a removal is one recognized by the courts. The defendant demurred to this plea. The plea was overruled, and the cause proceeded to judgment in the federal court. Eventually the judge made a certificate that the judgment was based solely on the ground that the controversy was one between citizens of different states, and that in his opinion the defendant was not a citizen or resident of Illinois. The question of jurisdiction was brought to the Supreme Court by the plaintiff, who had been defeated, on a writ of error and the judge's certificate which came with it. The Supreme Court, speaking by Mr. Justice Holmes, stated the question to be whether in view of the facts alleged in the plea the opinion of the lower court that the defendant was not a citizen of Illinois was correct. And it was held not to be, and the result was that both the parties were citizens of Illinois. The

judgment·was reversed with a direction to remand the cause to the
state court. In the opinion Mr. Justice Holmes said:

"The defendant exists in Illinois by virtue of the laws of Illinois. It is
alleged to have incurred a liability under the laws of the same state and is
sued in that state. It cannot escape the jurisdiction by the fact that it is in-
corporated elsewhere."

In that case the liability was incurred in the state of Illinois and the
learned justice recites that fact. But we conceive that the statement
would be equally true if it had characterized the liability as being one
which the defendant had incurred in any state to whose laws it was
amenable, the right of action being transitory, as we have observed.
We are therefore of opinion that the court below did not err in hold-
ing that it had jurisdiction.

It is next insisted that the court erred in not holding a certain al-
leged compromise and settlement between the parties to be a valid
bar to the further prosecution of the action. The facts upon which
this insistence is made were as follows: The petition in this case was
filed November 7, 1907; and on the same day on a showing the court
made an order that the plaintiff be allowed to prosecute his action in
forma pauperis. But the court made a further order relative thereto,
as follows:

"And it is further ordered that any sum received in this case by judgment
or otherwise be paid by the defendant into the registry of the court, there to
abide the further orders of the court. And it is ordered that a copy of this
order be furnished attorneys for both parties."

On December 7th following the defendant filed its answer joining
issues on the petition. On January 16, 1908, the defendant filed a
stipulation for a settlement between the parties for the sum of $500,
alleged to have been made on the 21th of November preceding; and
on March 4, 1908, filed an amended answer setting up the settlement
and an agreement to dismiss the case. To so much of the answer as
related to the agreement for a settlement the plaintiff replied by a
general denial. The case coming on for trial the parties stipulated in
writing that the issue concerning the settlement should be first tried
by the court without a jury; and the trial on the merits was suspended
until this was done. The plaintiff's contention was that the agreement
for a settlement, which was in writing, was obtained from him by
fraudulent practices of the defendant's agents and particularly that it
was obtained from him while he was intoxicated to such an extent
that he was not conscious of what he was doing, and that the defend-
ant's agents knew of his condition and took advantage of it. Some of
the evidence had a tendency to prove these facts. The defendant ob-
jected that, by delaying for several months to repudiate the settlement
and return the $500, the plaintiff had confirmed the agreement. There
were circumstances explanatory of the failure of the plaintiff to re-
turn the money. The defendant paid the money to the plaintiff in dis-
regard of the order of the court. The plaintiff deposited it in a bank,
and after the trial of this issue and the decision of the court upon it,
but before the trial of the principal case before the jury, the money was

paid into court pursuant to the order of the court. But we need not dwell upon these particulars. The law and the facts were submitted to the court upon the evidence, and the court holding the settlement invalid set it aside. Apparently this decision was final, and not reviewable. But the defendant filed a general exception, which did not indicate any particular ruling as a ground of exception, whether it was to the finding of the court that the plaintiff was incompetent at the time of the settlement, whether it was that the court found the plaintiff had not lost his right to disaffirm it by his delay, whether it was that the defendant had not paid the money into court as had been ordered, or whether it was that the court held that the money might still be refunded by payment into court as should have been done when the money was received. We think no question was preserved by the exception. Besides, the court was sitting to determine whether the contract should be rescinded. It was a question of an equitable nature which would have furnished the ground for the filing of a bill; and courts of law have held that, where such a question arises incidentally, the court may itself settle it on the principles of equity. But equity would say that the court might be satisfied if the money was brought into court at any time before final judgment. We think that, for the reasons we have stated, this assignment of error should be overruled.

At the close of the evidence, the defendant requested the court to instruct the jury that the plaintiff was not entitled to recover. This the court declined to do, and the defendant excepted. The evidence is all in the record. We have read it attentively with a view to the criticisms of counsel for the defendant, and are quite convinced that there is not enough of substance in them to require a discussion of the testimony in detail. This being so, it must suffice to say that there was testimony amply sufficient, if the jury believed it, to support the petition; that the evidence tended to show that at the time and place of the accident the roadbed was not so firm and rigid as to properly hold the ties in place; that the ties were some of them rotten; and that the rails were not properly secured to the ties, and that these conditions led to the derailment of the train from which the plaintiff's injury happened.

The brief of counsel refers to several rulings of the court on the admission of testimony and to which the defendant objected and excepted. But the reasons for the objections were not stated, and the exceptions will not be considered. The charge of the court was full and fair and quite adequate to instruct the jury upon all the relevant questions of law.

The refusal of the court to grant a new trial is not, as we have many times repeated, subject to review in this court.

The judgment will be affirmed, with costs.