**WALSH et al. v. PULLMAN CO. et al.**

United States District Court
S. D. New York.

Feb. 23, 1949.

Bernard R. Lieberman, New York City, for plaintiff.

Minor & waterman, New York City, for defendants Pullman Co. and So. Pac. Co.

Conboy, Hewitt, O'Brien & Boardman, New York City, for Pa. R. Co.

LEIBELL, District Judge.

The following is quoted from my opinion filed herein on November 22nd, 1948, 10 F.R.D. 77, 78.

"On November 19, 1948 the attorney for the defendants advised the Court that a motion was being brought in this Court to dismiss the complaint as against the defendant, Pennsylvania Railroad Company, on the authority of Morrison v. Pennsylvania Railroad Company,[1] Civil 36-653 (S. D.N.Y. 1946). A favorable decision on this motion might materially affect the determination of the present motion for a change of venue. The attorney for the defendants requests the Court to defer decision on the motion for change of venue.

"The attorney for the plaintiffs, by letter dated November 19, 1948, has objected to such deferment.

"In the interest of economy of time and effort on the part of the Court and the attorneys and in view of the fact that no injustice will result to the plaintiff thereby, I have concluded to defer decision on the motion for a change of venue until the motion to dismiss as against the Pennsylvania Railroad Company is decided."

I have received an affidavit of Mr. Waterman, attorney for the defendants, sworn to February 15, 1949, in which he states that Judge Ryan has granted a motion of the Pennsylvania Railroad Company for summary judgment dismissing the complaint as against the Pennsylvania Railroad Company. An order to that effect was filed February 11, 1949. Mr. Lieberman, attorney for the plaintiffs, has filed an affidavit stating that he has appealed from Judge Ryan's order and will prosecute the appeal with all convenient speed. I have concluded that I should grant the motion of the remaining defendants (The Pullman Company and the Southern Pacific Company) for a change of venue, transferring this action to the United States District Court for the Southern District of California, Central Division, without further delay, so that the plaintiffs may, if they see fit, seek a review of that order at the same time they bring on the appeal from Judge

---

1. No opinion for publication.

Ryan's order. In order that the appeals may proceed without any action being taken to transfer the case to the District Court in California, the order granting the motion for a change of venue will contain a stay pending the determination of the appeal from Judge Ryan's order and from the order to be entered on the motion for change of venue, if an appeal therefrom is taken.

I will now state my reasons for granting the motion for a change of venue.

Title 28 U.S.C.A. § 1391(a) and (c) provide:—

"§ 1391. Venue generally

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside.

\* \* \* \* \* \*

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

■ The allegations of the complaint and the facts stated in the affidavits submitted on the motion clearly show that although the remaining two defendants are not incorporated under the laws of California or licensed to do business in California, they both are doing business and have offices in Los Angeles, in the judicial district and division to which the defendants wish to transfer this case. The provisions of Section 1391(a) and (c) of Title 28 U.S.C.A. are therefore satisfied. See also Tivioli Realty v. Interstate Circuit, 5 Cir., 167 F.2d 155.

Section 1404(a) of Title 28 U.S.C.A. reads as follows:—

"§ 1404. Change of venue

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

It appears that this action could have been brought against The Pullman Company and the Southern Pacific Company in the first instance in the United States District Court for the Southern District of California, Central Division, and therefore that particular requirement of Section 1404(a) can be met. There are two other conditions to be considered: the convenience of parties and witnesses, and the interest of justice.

In support of their motion for a change of venue defendants show that the following will be material and necessary witnesses for the defendants upon the trial; a steward, a chef, a cook and four waiters, all of Los Angeles; and one waiter of Pasadena, California. All of them are said to have been in the diner at the time and place the plaintiff, Theola Walsh, is alleged to have eaten the improper food. They "will testify as to the quality of the food, and the conditions in said diner on the date that the improper food is alleged to have been eaten".

The affidavits submitted for change of venue also state that two switchmen, three agents, two porters, two brakemen and the assistant station master, seven of whom live in Los Angeles and three at other places in California, were present "at the time and place that the plaintiff, Theola Walsh, is alleged to have been improperly removed from the train at Los Angeles, California, and will testify as to the handling of the train, the proper removal of the plaintiff, Theola Walsh, from the train and the care and attention given her thereafter". None of the employees of the Pennsylvania Railroad are expected to be witnesses.

It is also stated that the only medical witnesses Theola Walsh could produce with respect to the injuries she suffered are three doctors living in Los Angeles and one in Beverly Hills, California. It appears that plaintiff has been living in California since her alleged injury. She had not been ill while living in New York City so that there could be no medical testimony from doctors in New York City. Plaintiff's husband, the co-plaintiff, James A. Walsh, is a detective on the New York City police force and his residence is in New York City and that is the legal residence of his wife, Theola. The injuries she received occurred in the summer of 1947 while she and her husband

were on a vacation trip in the West. She has remained there ever since living at Los Angeles and at Beverly Hills. Her husband had to return to New York and his deposition was taken by defendants on July 22nd, 1948, pursuant to Judge Goddard's order of July 9, 1948. The attorney for the defendants states in an affidavit of October 2, 1948:—

"That the defendants have a good and substantial defense to the merits of this action, and that all the defendant's witnesses above named are necessary to the defense, and that without the personal testimony of the defense witnesses, these defendants cannot safely proceed to the trial of this cause.

"That in order to adequately defend this action herein in the Southern District of New York, it would be necessary to bring these defense witnesses from California to New York, and to maintain them here during the trial of this action, at an estimated aggregate expense of at least $5,000.

"That we have been informed by the Calendar Commissioner of this Court that this action will not be reached for trial for at least one year, whereas we have ascertained from the Clerk of the United States District Court, in and for the Southern District of California, Central Division, by telephone that if this action were transferred there it would be reached for trial within thirty days to six months, depending upon the judge of that Court to which the action was assigned."

The plaintiff, Theola Walsh, is in California quite near Los Angeles. The deposition of her husband has been taken in New York City and can be used in the trial of the action in Los Angeles.

A plaintiff "should not be deprived of the presumed advantages of his home jurisdiction except upon a clear showing of facts which either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems". Koster v. (American) Lumbermens Mutual Co., 330 U.S. 518, 524, 67 S.Ct. 828, 831, 91 L.Ed. 1067. The situation mentioned in the second part of the above quotation is not present in the case at bar. But the first part is applicable and facts in the papers before the court meet the requirements of that test for the application of the doctrine of "forum non conveniens". The case at bar "is one of those rather rare cases where the doctrine should be applied", to use the language of Mr. Justice Jackson in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, at page 509, 67 S.Ct. 839, at page 843, 91 L.Ed. 1055. Since the date (March 10, 1947) when the Gulf Oil and the Koster cases were decided by the United States Supreme Court, Title 28 of the United States Code Annotated relating to the "Judiciary and Judicial Procedure" has been completely revised and it now contains § 1404(a) which the reviser's notes state "was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the venue is proper". Whether the new section has liberalized the doctrine so that it will not now be limited to "rare cases" is not for this court to determine. I am satisfied that the case at bar meets the conditions set forth in the new statutory provision as well as those discussed in the Gulf Oil and the Koster cases.

There was another motion in this case which I decided in the opinion of November 22, 1948, but no order was ever submitted for my signature, in relation to the taking of depositions before trial. It now appears that plaintiffs' attorney has abandoned the idea of examining certain employees of defendant which I directed should take place in Los Angeles in the week of December 12, 1948. The plaintiff, Theola Walsh, was to have been examined February 9, 1949. No order was submitted for her examination. If the attorney for the defendants wishes to take her deposition he may do so on March 22nd at the City of Los Angeles at a time and place to be designated in an order to be submitted herein.

Settle orders accordingly.