KELLER–DORIAN COLORFILM CORPO-
RATION v. EASTMAN KODAK CO.

KELLER–DORIAN COLORFILM CORPO-
RATION v. EASTMAN KODAK CO.
et al.

United States District Court
S. D. New York.

Nov. 21, 1949.

See also 10 F.R.D. 39.

Fitelson & Mayers, New York City, Bertram A. Mayers, Harold J. Sherman (of Fitelson & Mayers), Milton Black & Clifton B. Carter, (of Mudge, Stern, Williams & Tucker), and C. O. Donahue (of Hawkins, Delafield & Wood), New York City, of counsel, for plaintiff.

Donovan, Leisure, Newton, Lumbard & Irvine, New York City, Nixon, Hargrave, Middleton & Devans, of Rochester, N. Y., William J. Donovan, New York City, T. Carl Nixon, Rochester, N. Y., J. Edward Lumbard, Jr., James R. Withrow, Jr., New York City, Arthur Stern, Rochester, N. Y., and Lloyd F. MacMahon, New York City, of counsel, for defendant Eastman Kodak Co.

RYAN, District Judge.

Defendant Eastman Kodak moves to transfer two actions—Nos. 48-168 and 48-169, to the United States District Court for the Western District of New York, pursuant to Section 1404(a), 28 U.S.C.A. The two motions will be considered together in this memorandum.

Plaintiff is a Delaware corporation; its executive officers reside in the vicinity of New York City, in this district.

Defendant Kodak is a New Jersey corporation licensed to do business in New York; its principal offices are located in Rochester, but it does business in this district maintaining offices at 342 Madison Avenue and 10 East 40th Street, New York City.

Technicolor, Inc., and Technicolor Motion Picture Corporation are named as additional defendants in action No. 48-169. Technicolor, Inc., is a Delaware corporation having its principal office at 15 Broad Street, New York City, and Technicolor Picture Corporation, a wholly-owned subsidiary of it, is a Maine corporation with a plant and principal place of business in Hollywood, California, and an office at 30 Rockefeller Plaza, New York City.

These Technicolor defendants do not move for transfer of action No. 169, in which they are defendants. While they have no reason for urging it they have no objection to such transfer. They believe that it will appear, as the preparations for trial advance, that they have no knowledge or interest in a great many of the matters that will form the subject of these actions. They regard their position in this litigation as "minor and incidental." Furthermore, they assert that their officers who do have some knowledge of the matters in suit spend most of their time in California, and that consequently, insofar as the convenience of these witnesses is concerned, it would make no difference to them whether the trial were held in this or in the western district (letter of attorney for Technicolor defendants, dated October 24, 1949).

In action No. 168, plaintiff alleges claims extending over a period of over twenty-two years; it seeks a declaratory judgment settling the rights and obligations of plaintiff and defendant Kodak under an alleged patent license and royalty agreement and specific performance of the terms of the

agreement; it further seeks an accounting for alleged royalties due for that same period and damages of $50,000,000.

In action No. 169 plaintiff asserts three claims against the three-named defendants; here, plaintiff seeks treble damages in the sum of $150,000,000 for alleged anti-trust violations reaching back over a period of 20 years; $50,000,000 damages for alleged tortious injury to its property rights, and an additional $50,000,000 damages for alleged breach of contract to exploit plaintiff's inventions during the past 20 years.

The answer of Technicolor defendants is a general denial of the principal allegations of the complaint. Kodak's answers, in addition to a similar denial, assert three counterclaims against plaintiff, asking for damages in the sum of $1,000,000 and for a declaratory judgment. Kodak not only pleads the invalidity of the patents pertaining to the Keller-Dorian process but alleges also breach of certain warranties contained in the agreement between plaintiff and Kodak.

The general theory of both complaints is fairly described by plaintiff's attorneys, as follows:

"(a) that Kodak, upon and by taking certain exclusive patent licenses from plaintiff or plaintiff's assignor with respect to the Keller-Dorian process, and, also, by retaining as it has said exclusive licenses, became, has been and is obligated, both by the terms of such licenses and as a matter of law, not only to develop or exploit the process commercially to the exclusion of other competitive processes, and to pay to plaintiff the agreed royalties payable as a result of such exploitation but also to declare and make known to plaintiff all patents, inventions, improvements, developments and experience with respect to lenticulated film and all other phases of the lenticulated process which Kodak at any time develops or in which it at any time obtains or has directly or indirectly any right or interest and to share the benefit of the same with plaintiff;

"(b) that, Kodak, in pursuance of its monopolistic conspiracy in restraint of trade and contrary to the Federal anti-trust laws, together with the Technicolor defendants, not only suppressed the process instead of exploiting it, but also exclusively exploited the Technicolor and other colorfilm processes; and

"(c) that Kodak and the Technicolor defendants breached and/or induced the breach of Kodak's obligations to plaintiff, violated said anti-trust laws and became liable to plaintiff in damages and otherwise."

Kodak concedes that "all three defendants are found and transact business in the Southern District of New York." It does not dispute that venue is properly laid in this district in both actions. Since Kodak (the sole defendant in No. 168) has its principal place of business in Rochester, venue could have been laid in the Western district, 28 U.S.C.A. § 1391(a) (c); and since the actions are not of a local nature, they could have been brought against all defendants in the Western district. 28 U.S.C.A. § 1392(a). Therefore, plaintiff had a choice of forums and the question presented is whether a transfer should be effected for the convenience of parties and witnesses and in the interests of justice. Section 1404(a).

Defendant Kodak urges that since plaintiff on a prior motion stated that a large part of the evidence which it will require to establish its case is solely within the knowledge of the officers, agents and employees of defendant and is to be found in documents and records in possession or control of defendant, it is for the convenience of the parties and witnesses and in the interests of justice that a transfer to the Western district be granted. This contention is further supported by its (Kodak's) assertion that since the suit involves matters pertaining to its investigation and research in the color film field, conducted in Rochester, to establish its defense it will have to produce its records and call ninety-six witnesses (out of 106), all of which are found in Rochester.

The necessary conclusion of Kodak is that since the major portion of the evidence required by both sides will come from Rochester, the Western district is the more convenient forum.

On the other hand, plaintiff contends that in view of the nature of its claims and the magnitude of Kodak's operations and interests, the situation described by Kodak will not reach the point of becoming vexatious or unjust. Plaintiff further points out that it expects to call 250 or more outside witnesses (i. e. not in its employ), some living here, some on the West coast and many in foreign countries. In addition to these plaintiff presents a formidable list of motion picture projectionists, cinematographers, actors, directors and film experts.

■ Although Kodak states that the majority of the witnesses expected to be called by plaintiff are not in a position to give testimony relevant or material to the issues, the court may not summarily dismiss from its consideration plaintiff's vehement and apparently sincere protestations to the contrary.

Kodak is not confronted with the problem of securing the attendance of unwilling witnesses who are not subject to compulsory process. It does not appear that it will be necessary for the trial court or jury to view any particular site or premises. If motion pictures are to be exhibited, as ample facilities are available here as in Rochester; indeed, if occasion requires it, the showing may be had in the courtroom. The transportation of reels of film presents no great difficulty. Such experiments as the court must view may be readily conducted in any number of available laboratories within this district. And, it does not appear that all the records of the numerous experiments involved in the development and perfection of the various patents will be required at the trial; pre-trial examinations and pre-trial judicial supervision will undoubtedly eliminate the necessity for the production of many of these records and save the necessity of bringing them to New York from Rochester

■ Although the merits of an application of this nature may not be determined solely by the number of witnesses to be called by the parties from within the district, for the importance of their testimony and their individual convenience carries more weight, this element may not be entirely disregarded. One is left with the general impression, after reading the voluminous papers submitted, that no one forum will be suitable or convenient to all the litigants. Inconvenience must be met and endured by all parties to actions of this kind; perhaps, convenience should be waived as one of the burdens attendant on the vastness of their national and international business activities. We are not judging the relative convenience of small and local concerns.

■■ Plaintiff laments the fact that it has "a present negligible current asset position," against a large outstanding indebtedness. While this does not mean that Kodak should be subjected to suit in any forum simply to vex or harrass it into settlement of an unfounded and unjust claim (and we may not now judge plaintiff's claim to be without merit), the relative ability of the litigants to bear the expenses of trial in any particular forum must be considered in weighing what the interests of justice require. See, note to Venue in Anti-Trust Cases: Applicability of the New Discretional Transfer Provision, 58 Yale L.J. #3, 482, 489-490.

To provide for the attendance and just compensation of necessary witnesses on both sides will be expensive. Kodak estimates that its expenditures of this kind, if the trial is had in New York, will approximate $30,000; plaintiff does not dispute this amount, but it urges that its expenses also will be high, irrespective of where the trial is held, but that if in Rochester, the cost will be so prohibitive and so beyond its capacity that it will, in effect, be denied an opportunity to adequately present its proof.

■■ It is apparent that the trial of these actions will be long; counsel's estimate of six months is conservative. Of course, it would serve the convenience of this court and of other litigants with pending causes to transfer the action to some other less burdened district. No district court may, however, order such a transfer only to serve its personal convenience. It

is not found that bringing these actions in this district is an imposition on this court.

The motions to transfer must, in the interests of justice and the convenience of the witnesses, be denied.