## LUCAS v. NEW YORK CENT. R. CO.

United States District Court
S. D. New York.
Jan. 19, 1950.

William Seligson, New York City, for plaintiff.

Frederick L. Wheeler, New York City, for defendant.

IRVING R. KAUFMAN, District Judge.

The defendant seeks an order transferring this action pursuant to Section 1404(a) of Title 28 United States Code Annotated, to the United States District Court for the Middle District of Pennsylvania, or for such other, further and different relief as to the Court may seem just and proper.

Plaintiff's intestate was killed in a grade-crossing accident in the City of Lock Haven, Pennsylvania, on September 26, 1948. The defendant railroad company, whose train concededly was involved in the accident, is a consolidated corporation, organized under the laws of New York, Pennsylvania and four other states. This action was commenced originally in the Supreme Court of the State of New York on September 26, 1949, that being the last day on which an action could be commenced under the Pennsylvania death statute, 12 P.S. § 1601 et seq.

On November 3, 1949, the defendant caused the action to be removed to this Court on the ground of diversity of citizenship. The defendant seeks the order aforesaid for the convenience of parties and witnesses. It is settled that a corporation which is incorporated in several states, is deemed to be a citizen of that state in which it is sued, if incorporated in that state. See Lake Shore & M. S. R. Co. v. Eder, 6 Cir., 1909, 174 F. 944; Town of Bethel v. Atlantic Coast Line R. Co., 4 Cir., 1936, 81 F.2d 60.

Where the plaintiff sues a corporation in his own state of residence, no diversity exists notwithstanding the fact that the corporation is also incorporated in another state or states. The plaintiff is a resident of the State of Pennsylvania, as was the deceased.

This case, therefore, presents a situation whereby if this Court should grant the relief sought by the defendant, to wit, to transfer this case to the United States District Court, for the Middle District of Pennsylvania, the federal court will be ousted of jurisdiction because diversity of citizenship between the parties would no longer exist. In any suit in which the defendant is engaged in the courts of Pennsylvania, whether state or federal, it is deemed to be a citizen of Pennsylvania. In any suit in which the defendant corporation is engaged in the state of New York, it is deemed to be a citizen of New York. Hence, a transfer of this case from New York to Pennsylvania, would result in substituting a Pennsylvania citizen as defendant for a citizen of the state of New York and would oust the federal court of jurisdiction.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

There must be proper venue in at least two forums before there can be a transfer to one of the two forums. See Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 506–507, 67 S.Ct. 839, 91 L.Ed. 1055; Reviser's note and memorandum to second draft of Code, 1404(a); Hayes v. Chicago R. I. & P. R. Co., D.C.Minn.1948, 79 F.Supp. 821; Cinema Amusements v. Loew's, Inc., D.C. Del.1949, 85 F.Supp. 319; Greve v. Gibraltar Enterprises, D.C.N.Mex.1949, 85 F. Supp. 410, 412–413; Walsh v. Pullman Co., D.C.S.D.N.Y.1949, 89 F.Supp. 762; Keller-Dorian Colorfilm Corp. v. Eastman Kodak Co., D.C.S.D.N.Y.1949, 88 F.Supp. 863; 3 Moore's Federal Practice, 2139 (n. 87) 2141 (1948 ed.). This action could not have been properly brought in the Middle District of Pennsylvania for the reasons already noted.

Faced with these facts and unquestionably in accord with the principle of law that the federal law would be ousted of jurisdiction by a transfer of this case to the federal court in Pennsylvania, and that, therefore, transfer would not be in order because the Pennsylvania District Court would not be a district where the action might have been brought, the defendant then sought to have the action transferred to the Western District of New York or the Northern District of New York. If removed to the Western District of New York, the defendant asserts that the plaintiff would there have three cities

in which to try his case—Buffalo, Rochester and Elmira, and points out that Buffalo is 279 miles from Lock Haven, Pennsylvania, where the death occurred; Rochester, 214 miles from Lock Haven, and Elmira, 114 miles from Lock Haven. In the alternative, the defendant notes that the action could be transferred to the Northern District of New York, where plaintiff would also have three cities in which to try his case—Binghamton, 139 miles from Lock Haven; Auburn, 195 miles from Lock Haven and Syracuse, 221 miles from Lock Haven.

It appears, therefore, that the defendant seeks to circumvent the definite block to the removal of this case to Pennsylvania by requesting a removal to a district closer to Lock Haven, Pennsylvania, than is the Southern District of New York.

It is the law, that a movant for relief under 1404(a) must show a preponderant balance in his favor, for it is still only the exceptional case which merits relief under this section.

The defendant's suggestion is that it is the Court's function to weigh the convenience of the parties and then pick a district which appears to be the most convenient of several forums. This principle cannot be accepted because the venue provisions would then become nothing more than provisions regulating the place of service of summons. The Court, in no event, in a situation such as this could reach a conclusion as to the most convenient forum with any degree of certainty. See Ferguson v. Ford Motor Company, D.C.S.D.N.Y.1950, 89 F.Supp. 45, Ryan, J. While it is likely that the convenience of the defendant would be better served by a removal of the action to the Western District of New York or the Northern District of New York, the defendant has not established to the satisfaction of this Court, by the preponderance of facts necessary, that the plaintiff's choice of forum should be disturbed. There would have been more merit to defendant's argument that the case should be transferred to the Middle District of Pennsylvania, were that possible, than to urge that there be hand picked at random another district, closer to the scene of the accident, nevertheless a district in which the plaintiff unquestionably did not ever contemplate bringing the action.

To give judicial sanction to the theory urged by the defendant, would create such a state of uncertainty that no one could ever state with any degree of assurance that the proper forum had been selected for the bringing of the action.

The language of the court in the Gulf Oil case is particularly appropriate. The Court said [330 U.S. 501, 67 S.Ct. 843]: "But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

The balance is not strongly in favor of the defendant.

Motion of defendant to transfer the action denied.