**TANKEL et al. v. SEIBERLING RUBBER CO. et al.**

**No. 29670.**

United States District Court
N. D. California, S. D.

March 9, 1951.

---

Rettig & Dunn, San Francisco, Cal., for plaintiff.

Boyd, Taylor & Reynolds, San Francisco, Cal., for defendant.

HARRIS, District Judge.

Plaintiffs, injured in an automobile accident allegedly caused by a defective tire or tube which blew out while plaintiffs were driving their Cadillac on a Texas highway, seek to recover damages from Seiberling Rubber Company. The gravamen of the complaint is that defendant rubber company manufactured and mounted a tire and tube negligently and were negligent in manufacture of the same.

Defendant Seiberling has moved for change of venue to the District Court sitting in Pecos, Texas, in which district the accident occurred. Defendant alleges that convenience of parties and witnesses will best be served by removing the action.

In its affidavit defendant rubber company asserts that ten witnesses who will be utilized by the defense are in the immediate vicinity of the Texas District Court. These witnesses include the highway patrol officer who made an investigation at the scene of the accident and whose deposition has not been taken; employees of the tire company from whom plaintiffs purchased the tire and who mounted the same; the operator of the tow truck who picked up the automobile in order to show position and location of the car and marks on the pavement at the scene of the accident; the ambulance driver who brought plaintiffs to the hospital in Pecos, as to admissions made by plaintiffs en route to hospital; the doctor who treated plaintiffs, as well as the hospital records, at Pecos, Texas; the official or officials of the Snyder Bank in Texas in order to ascertain business arrangements entered into by plaintiff Tankel which establish the basis for his asserted loss of profits by reason of the accident; the alleged partner of plaintiff Tankel who was to have subdivided a tract of land on a 50% profit basis with plaintiff Tankel; other real estate operators or bankers for purposes of establishing value of the asserted transaction which Tankel intended to consummate.

In opposition to Seiberling Rubber Company's motion, plaintiffs contend that depositions can accomplish desired results for defendants and that within this District re-

sides Dr. Bost who has treated plaintiffs for their injuries.

It should be noted that the rubber company is a Delaware corporation whose home is neither in San Francisco nor in Texas, although it is amenable to process in both districts. The rubber company alleges, however, that most of the witnesses it desires to rely upon are not subject to process within this District and that several of them are adverse to the position it intends to take by way of defense. Accordingly, it contends that it is vital for its defense that it be permitted to utilize the jurisdiction of the Pecos court.

Defendant has shown that it has a serious problem arising over the transportation of so many witnesses for such a great distance. Plaintiff's pleadings, which seek to recover anticipated profits on business ventures, have given rise to this problem.

An analysis of defendant's affidavit indicates that the majority of the individuals assertedly needed as witnesses are indeed important to defendant's case.

The circumstances established by the pleadings and defendant's affidavit are such as to require this court to transfer the case to Pecos, Texas, for trial in the District Court there. As enumerated in Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S. Ct. 839, 843, 91 L.Ed. 1055, "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises * * *; and all other practical problems * * * make trial of (the) case easy, expeditious and inexpensive" at the district of the accident. This is a case in which the balance of conveniences weigh strongly in favor of the defendant.

Accordingly, it is ordered that defendant's motion for removal of action be, and the same hereby is, granted.[1]

1. See article by Honorable Irving R. Kaufman entitled "Observations on Transfers Under Section 1404(a) of the New Judicial Code [28 U.S.C.A.]." 10 F.R.D. 595, 605 et seq.