Bernice MAJEWSKI, Administratrix in the Estate of Richard Majewski, Deceased, and Theodore Majewski, Deceased, Plaintiff,

v.

The NEW YORK CENTRAL RAILROAD COMPANY, a Delaware corporation, Defendant.

No. 4405.

United States District Court
W. D. Michigan, S. D.
March 25, 1964.

John G. Phillips, Chicago, Ill., Marcus, McCroskey, Finucan, Libner & Reamon, Grand Rapids, Mich., William G. Reamon, Grand Rapids, Mich., of counsel, for plaintiff.

G. H. Wyatt and Allen F. Rowley, Detroit, Mich., for defendant.

FOX, District Judge.

This action was originally brought by the plaintiff in the United States District Court for the Northern District of Illinois, Eastern Division. Jurisdiction was alleged on the grounds that plaintiff, and all of the decedents represented by the plaintiff, were domiciled in and citizens of the State of Michigan, and the defendant, The New York Central Rail—

road Company, was a resident and citizen of the State of Illinois by virtue of its incorporation under the laws of the State of Illinois.

While the action was still in the Illinois court, Floyd Otis Tuttle and Franklin Miller were dismissed as defendants.

On July 24, 1962, the District Judge of the Illinois District Court granted defendant New York Central's motion to dismiss for lack of jurisdiction on the grounds that the requisite diversity of citizenship was not present. However, on September 27, 1962, a petition of the plaintiff to reinstate the cause and transfer to the United States District Court for the Western District of Michigan, Southern Division, was granted by the same District Judge.

The first pleading filed by the defendant before this court was a Motion to Dismiss, again on the specific grounds of lack of diversity of citizenship between the parties.

It is undisputed by the parties that plaintiff is a citizen and resident of the State of Michigan. At the time of the filing of this suit, on January 6, 1961, the defendant corporation was a "citizen" of the State of Michigan, as well as the State of Illinois and other states, having incorporated under the laws of several states.

There are ample cases which discuss the question of actions against multiple-state corporations. In Lucas v. New York Central Railroad Company, 88 F. Supp. 536 (D.C.S.D.N.Y.1950), plaintiff, a citizen of Pennsylvania, filed suit in a New York state court against a defendant which was a corporation organized under the laws of New York, Pennsylvania, and four other states. After removal to the United States District Court for the Southern District of New York, defendant sought to have the cause transferred under Title 28 U.S.C. § 1404 (a), to a Pennsylvania District Court, where the plaintiff's intestate had been killed in a crossing accident.

In refusing to order the transfer, Judge Kaufman provided an excellent review of the law of the area when he said, 88 F.Supp. at page 537:

"It is settled that a corporation which is incorporated in several states, is deemed to be a citizen of that state in which it is sued, if incorporated in that state. See Lake Shore & M. S. R. Co. v. Eder, 6 Cir., 1909, 174 F. 944; Town of Bethel v. Atlantic Coast Line R. Co., 4 Cir., 1936, 81 F.2d 60.

"Where the plaintiff sues a corporation in his own state of residence, no diversity exists notwithstanding the fact that the corporation is also incorporated in another state or states.

" * * * In any suit in which the defendant is engaged in the courts of Pennsylvania * * * it is deemed to be a citizen of Pennsylvania. In any suit in which the defendant corporation is engaged in the state of New York, it is deemed to be a citizen of New York. Hence, a transfer of this case from New York to Pennsylvania, would result in substituting a Pennsylvania citizen as defendant for a citizen of the state of New York and would oust the federal court of jurisdiction."

Section 1404(a) of Title 28 U.S.C. is the pertinent section for consideration in this case. Section 1404(a) states:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought.*" (Emphasis supplied.)

When Congress used the phrase, "where it might have been brought," it qualified the power of district courts to transfer actions. See Barrach v. Van Dusen, (CCA 3, Pa., 1962), 309 F.2d 953; cert. granted 372 U.S. 964, 83 S.Ct. 1088, 10 L.Ed.2d 128.

■ The simple proposition which flows from this language in the statute is that if a proposed transferee forum

would not have jurisdiction because of a lack of requisite diversity, the attempted transfer is void. The cause, however, remains in full force and effect in the transferor forum, and the valid federal jurisdiction originally obtained is not lost in the attempt to transfer the action.

In Moore's Federal Practice, Vol. 1, § 0.145 [6.–1], page 1789, it is said:

" * * * if a proposed transferee-district would not have jurisdiction over the subject matter then the case cannot be transferred because the proposed transferee-district or division is not one where the action '*might have been brought*'." (Emphasis supplied.)

In the present case, it is clear that the suit could not have been brought in Michigan, since the requirement of diversity of citizenship between the parties could not have been met; defendant New York Central Railroad Company was a Michigan corporation at that time.

As of the commencement of this action in the United States District Court for the Northern District of Illinois, Eastern Division, there was a diversity of citizenship between plaintiff, Bernice Majewski and her decedent plaintiffs, and defendant New York Central Railroad Company, an Illinois corporation. The District Court of Illinois apparently based the dismissal of this action, entered July 24, 1962, upon the affidavit of defendant Floyd Otis Tuttle, dated May 1, 1962. The facts stated in that affidavit do afford a valid basis for a dismissal as to Tuttle, but do not warrant dismissal of the defendant New York Central Railroad Company because Tuttle was at that time a resident of Michigan.

■ This Court also finds that at the time of reinstatement of this cause, defendant New York Central Railroad Company knew, or should have known, that there was, in fact, jurisdiction of the cause in the Illinois District Court, and that there was no jurisdiction in the Michigan District Court. New York Central Railroad Company had a duty to so advise the Illinois District Court.

■ I find that at the time of the entry of the Order transferring this cause from the Northern District of Illinois, Eastern Division, to the Western District of Michigan, Southern Division, there was no authority in either the transferor or transferee court to effectuate the transfer, because neither the transferor nor the transferee court had the power to do so. Therefore, the attempted transfer has no effect upon the action in Illinois.

An order has been entered denying defendant Railroad Company's motion to dismiss and returning the cause to the United States District Court for the Northern District of Illinois, Eastern Division, for such further proceedings as may be deemed appropriate by the Illinois Court.