**LEWIS et al. v. AMERICAN AIR-LINES, Inc.**

United States District Court
S. D. New York.

March 20, 1950.

William A. Hyman, New York City, for plaintiffs.

Haight, Deming, Gardner, Poor & Havens, New York City, for defendant. David L. Corbin, Douglas B. Bowring, New York City, of counsel.

Arthur M. Laufer, New York City, for Doris Sylvia Grey and Howard Martin Grey, infants, in the case against American Airlines, Inc.

Charles Seligson, New York City, amicus curiae.

CONGER, District Judge.

Motion by defendant to transfer this action from the Southern District of New York to the Northern District of Texas, Dallas Division, for the convenience of parties and witnesses, pursuant to Section 1404(a) of the New Judicial Code, 28 U.S. C.A.

This is an action brought by Anna H. Lewis for herself and for her infant son to recover damages because of the death of David N. Lewis (husband of Anna H. Lewis and father of the infant).

David N. Lewis was killed when an airplane, owned by defendant, crashed and

burned while landing at Love Field, Dallas, Texas, on November 29, 1949.

The complaint charges that the crash of the airplane and the death of David N. Lewis was caused by the negligence, carelessness and recklessness of the defendant, its agents and servants.

Issue has as yet not been joined.

The decedent purchased his ticket at Washington, D. C. for a round trip from Washington to Dallas.

Defendant operates air carrier services throughout the United States and maintains bases throughout the United States including Tulsa, Oklahoma, and Dallas, Fort Worth and Los Angeles.

Defendant is a Delaware corporation in which State it maintains its corporate offices. Its general offices are in the City of New York.

The plaintiffs are citizens and residents of the State of New York where they have their domiciles.

Defendant contends that decedent and plaintiffs were residents of the District of Columbia prior to and at the time of the accident, but that since the accident plaintiffs moved to the City of New York, where they live in a hotel.

Mrs. Lewis contends that both she and her husband had all their lives been residents of the State of New York and domiciled there; that the Washington address, a one-room apartment in an apartment house, was only a temporary arrangement, while her husband was in the Government service. This contention is borne out by Mrs. Lewis' affidavits and documents attached thereto.

Mr. Lewis was a lawyer. He was admitted to the Bar in New York State. From 1932 to 1940 he practiced law in Suffolk County, New York, when he went into the army. He was separated from the army in January, 1946. He then started to practice law with his father in Suffolk County. In October, 1947 Mr. Lewis was sent abroad by the Alien Property Custodian's office of the Department of Justice. He returned in May, 1949 with his wife who had joined him in Europe. On June 16, 1949 they obtained this apartment in Washington in which they lived on a temporary basis, as claimed by Mrs. Lewis, until her husband's death.

Mrs. Lewis asserts that she and her husband lived in Long Island in rented quarters from 1932 to 1937; that in 1937 they purchased a home at Brightwaters, Long Island, in which they lived until February, 1946, when they purchased another home at Bay Shore, Long Island; that this was their permanent home and residence and that it is still owned by Mrs. Lewis.

Documents attached to the opposing affidavits show that Mr. and Mrs. Lewis were in 1949 registered voters in Suffolk County and that Mr. Lewis voted there at the general election on November 8, 1949; that the last will and testament of decedent, as a resident of Suffolk County, was admitted to probate in Suffolk County; that they were members of Temple Sinai in Bay Shore and paid dues for the year 1950; that their bank account was with a bank in Bay Shore; that their automobile insurance gives their address as Bay Shore; that Mrs. Lewis' operator's license issued August 16, 1949 gives her address as Bay Shore, Long Island.

After her husband's death, Mrs. Lewis changed her residence to New York City.

I can only conclude that for some time prior to November 29, 1949, plaintiffs were and have been ever since residents of the State of New York and have been ever since, and were and are domiciled in this State.

I can see very well that the convenience of defendant would be better served by a trial in Texas, but on the other hand the convenience of plaintiffs would also be served.

I can also realize that defendant will be put to some expense in bringing witnesses to New York. One would be very naive to say that this will not be an expensive lawsuit for defendant. It will have to bring witnesses from Dallas, from Tulsa, from Los Angeles and perhaps from other places. Many of them, however, are de-

fendant's employees whose attendance in New York may be secured by defendant.

On the other hand plaintiffs make a respectful showing as to material witnesses here. There are six passengers who were in the airplane when it crashed who live in and around New York City. Then there are the witnesses, employees of defendant employed at LaGuardia Field who certainly would be material witnesses on the question of defendant's negligence in the maintenance of the airplane.

The airplane started this trip at LaGuardia Field, New York and plaintiffs claim, and it seems reasonable, that it was the duty of these New York maintenance personnel and executives to inspect, repair and see that the plane was in proper order and repair before it left LaGuardia Field. Plaintiffs mention two of these men by name whom they will require as witnesses. They live in or around New York City.

On the whole, admitting that defendant will be inconvenienced by having to produce in New York a number of witnesses from distant places, and that it may be costly to it, still the equities, it seems to me, are the other way. The plaintiffs will be more than inconvenienced if the trial is moved to Texas. It will be a real hardship to them and might very well prejudice their case. They may not be able to properly prove their case against defendant. They will have no way to compel their New York witnesses to go to Texas. Balancing the equities I feel that in the interest of justice the trial should be had in New York. This is not a case where the plaintiffs have picked out an inconvenient forum to vex, harass or oppress the defendant by inflicting upon it expense or trouble not necessary to their right to pursue their remedy. This is the natural forum for plaintiffs to start their action. It is their home, their residence and domicile. Defendants must make out a stronger case than they have to change it.

The cases cited by defendant in support of its contention are not convincing. More or less they may be distinguished. As a matter of fact on an issue such as is presented here the adjudication in other cases is not much help as a yardstick except in so far as general principles are enunciated. In matters of this nature each case must more or less stand on and be judged by its own set of facts.

When this motion was argued before me two attorneys representing clients who had claims arising out of the same accident appeared and asked to be heard. I allowed them to submit briefs to supplement plaintiffs' brief in opposition of this motion. This opinion, however, cannot and does not purport to make any decision as to these other claims. When, if and where they are tried is a matter for someone else to decide.

Motion denied.

Settle order on notice.