**Sara Johnson BUSH, as Administratrix of the goods, chattels and credits of James Allen Bush, deceased, Plaintiff,**

v.

**UNITED AIR LINES, Inc., Defendant.**

United States District Court
S. D. New York.

June 8, 1956.

Chapman & Burke, New York City, for plaintiff, Robert Granville Burke, New York City, of counsel, Helm, Jones, Mc-Dermott & Pletcher, and Bill M. Dickson, Houston, Tex.

Haight, Gardner, Poor & Havens, New York City, for defendant, John Osnato, Jr., New York City, of counsel.

PALMIERI, District Judge.

This is an action to recover damages for the wrongful death of a passenger on an airplane owned and operated by the defendant, when it struck a mountain called Medicine Bow Peak in Carbon County, Wyoming, on October 6, 1955.

All of the passengers and crew perished in the disaster. The defendant now moves, pursuant to 28 U.S.C. § 1404(a) to transfer the action to the District of Wyoming.

The plaintiff's intestate, Dr. James Allen Bush, was a young physician with a career of exceptional promise in research and teaching. At the time of his death, he left surviving him four infant children between the ages of 2 months and 4 years, and his wife, the plaintiff, who was then 28 years of age. The plaintiff is a resident of New York State, having returned here with her children after Dr. Bush's death from Salt Lake City, Utah. Before the airplane accident, Dr. Bush held a fellowship at the University of Utah, and he also had professional interests there. However, it appears that they were of a transitory nature and that he always regarded New York. State, where his parents Dr. and Mrs. Lucien Bush have lived for many years, as his home. Neither the plaintiff nor her husband had any immediate relatives in Utah, and the plaintiff responded to the urging of the immediate family of her deceased husband in returning here where she now lives and works.

The papers submitted upon this motion set forth much of the probable proof in the case and the probable choice of witnesses by each party. The defendant has sought to demonstrate that it will require the appearance as well as the testimony of a considerable number of witnesses who now reside in the Colorado-Wyoming region, many of whom are subject to the subpoena power of the District Court at Cheyenne, Wyoming. It urges that the balance of convenience weighs in favor of the transfer it requests. I cannot agree.

█ Unless the balance of convenience is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. See Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, 330, certiorari denied 1950, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624; Belair v. New York, N. H. & H. R. Co., D.C.S.D.N.Y.1950, 88 F.Supp. 572. Here, the plaintiff has.

properly exercised her venue privilege by initiating this action before this court. I have failed to find any substantiation for the defendant's argument that the plaintiff has chosen this forum on the basis of a "shopping tour." On the contrary, the plaintiff has all the cogent reasons possessed by a litigant acting with complete forthrightness. This action is a matter of grave concern to her and to her infant children. She has serious burdens of a legal and practical nature to sustain in the ensuing litigation. She can accomplish her task with far greater convenience here, where she is making her home with her children and earning her livelihood, than in Cheyenne, Wyoming, to which she is an utter stranger. This consideration is emphasized by the probable extended length of the trial which can take from two weeks to two months to try. There is not even the suspicion of harassment in her initiation of the suit in this district. See Lewis v. American Airlines, Inc., D.C.S.D.N.Y.1950, 91 F.Supp. 31, 33.

The defendant is engaged in an extensive, nationwide business of transporting passengers by air. In operating a business of this nature, it is reasonable to expect the defendant to anticipate the hazard and expense of suits filed against it at various points over the territory in which it operates. Moreover, the defendant should expect that such suits will require the transportation of such of its employees as it must call as witnesses to the places of trials. The matter of the transportation of witnesses would pose a problem more easily solved by the defendant than by the plaintiff. The fortuitous circumstance that this accident occurred through collision with a mountain in Wyoming should not operate to deprive the plaintiff of her choice of forum.

█ In support of its motion to transfer this action the defendant has also argued that a possible consolidation of the plaintiff's action with other pending actions in Wyoming, arising out of the same accident, will lighten the burdens

of this Court as well as those of the defendant. That may well be. But the transfer here sought cannot be justified by such an arrangement of convenience. A transfer of the plaintiff's action to Wyoming upon such considerations would be tantamount to a bargain of convenience at the expense of the plaintiff. The plaintiff has properly invoked the jurisdiction of this Court and has come forward with sufficient reasons demonstrating that her choice of forum should not be disturbed.

Motion denied. Settle order on notice