Thomas G. HIGGINS, Plaintiff,

v.

CALIFORNIA TANKER COMPANY, Defendant.

Civ. A. No. 1955.

Thomas G. HIGGINS, Libellant,

v.

CALIFORNIA TANKER COMPANY Respondent.

In Admiralty No. 1774.

United States District Court
D. Delaware.
June 4, 1958.

Newark, New Jersey, than to come from Miami, Florida, to Wilmington, Delaware. The seaman from whom the plaintiff is alleged to have contracted tuberculosis resides in California. Certainly it will be as convenient for him to travel to Newark as it will be to come to Wilmington. One former member of the crew of the S.S. Kettle Creek resides in Philadelphia, Pennsylvania; the present whereabouts of the others is unknown to this court, but as is usual in actions involving seamen, their given residence is but little help in determining the convenience of attending trial in a given forum.

The deciding and most important factor is the location of the hospital and clinics where the plaintiff has received treatment. All are located in the greater New York area, and the case record of the plaintiff and pertinent X-rays are more readily obtainable for trial in Newark, New Jersey, than in Wilmington, Delaware. Furthermore, in the course of preparation for trial it may become imperative, in the interest of justice, to subpoena one or more of the attending physicians to testify in court. These physicians are also located in the greater New York area and within the subpoena powers of the District Court sitting at Newark, but not the District Court of Delaware.

Under these circumstances, the choice of forum and the longer daily train trip by plaintiff's counsel from Philadelphia to Newark, rather than from Philadelphia to Wilmington, do not counterbalance the other pertinent matters which must be considered.

■ I am also of the opinion, under 28 U.S.C.A. § 1404(a), I have the authority to transfer both Civil Action No. 1955 and its companion case, No. 1774 in Admiralty. See Petition of Backman, D.C.Del., 1954, 122 F.Supp. 896; Moore's Commentary on the U. S. Judicial Code, Par. 0.03(29), p. 207 (1949). Both cases will therefore be transferred.

The defendant may submit an order in conformity herewith.

Harold Leshem, Wilmington, Del., and Milton M. Borowsky (of Freedman, Landy & Lorry), Philadelphia, Pa., for plaintiff-libellant.

Robert H. Richards, Jr. (of Richards, Layton & Finger), Wilmington, Del., and C. Dickerman Williams (of Maclay, Morgan & Williams), New York City, for defendant-respondent.

CALEB M. WRIGHT, Chief Judge.

■ Motions to transfer under 28 U.S.C.A. § 1404(a) present a considerable problem to this court, especially when the application is to transfer to a contiguous district. However, in this litigation the trinity of convenience of parties, convenience of witnesses and interest of justice, justify the granting of transfer to the District Court for the District of New Jersey at Newark.

The principal place of business of the defendant is Perth Amboy, New Jersey, where the personnel records of plaintiff are located. The employees of the defendant corporation, who will testify at trial, reside in the Newark, New Jersey area, and the home addresses of all but one of the officers of the S.S. Kettle Creek, the vessel involved, are in Northern New Jersey. The plaintiff at the time suit was commenced gave his address as Rahway, New Jersey, and only since then has he taken up residence in Miami, Florida. It will be no more inconvenient for him to come from Miami, Florida, to