Janice **WIENER** et al., Plaintiffs,

v.

**UNITED STATES** of America and United Air Lines, Inc., Defendants (And Other Consolidated Cases).

United States District Court,
S. D. California,
Central Division.

March 29, 1960.

On Motion for Change of Venue
Feb. 2, 1961.

Margolis, McTernan & Branton, Los Angeles, Cal., for Janice Wiener, No. 469–58.

Joseph C. Lavelle, Sacramento, Cal., for Stephen Emanuel, No. 923–58.

Algerdas N. Cheleden, Anthony J. Bradisse, & James A. Withers, Los Angeles, Cal., for Isabelle M. Larava, No. 970–58.

Belcher, Henzie & Fargo, Los Angeles, Cal., for Ruth E. Simmons, No. 1040–58, Ethyl E. Kean, No. 1041–58, Hazel N. McKinney, No. 1042–58, Donald G. Rhoades, No. 29–59, Margaret K. Rankin, No. 30–59, Mary A. Parsons, No. 369–59, Alice L. Hight, No. 361–59.

Pierce & Dodson, Los Angeles, Cal., for Great American Ins. Company, No. 265–59.

Jack Dunaway, Hollywood, Cal., for Leona Mae Petrie, No. 1086–58.

Oliver, Good & Sloan, Los Angeles, Cal., for Max Kaufman, No. 1112–58, Raymond S. Lipson, No. 1195–58, Arlo W. Munch, No. 355–59.

Stephen J. Grogan, Los Angeles, Cal., for Daisy R. Federick, No. 1158–58.

Johnson & Ladenberger, Los Angeles, Cal., for Martha H. Kallenbaugh, No. 64–59.

Samuel A. Miller, Los Angeles, Cal., for Carol U. Aaronson, No. 76–59.

Richard McLeod and John C. Gregory, Los Angeles, Cal., for Dorothy M. Weil, No. 88–59.

Bertrand Rhine and George H. Pratt, Los Angeles, Cal., for Inez O'Brien Kay, No. 275–59.

Tuttle, Tuttle & Taylor, Los Angeles, Cal., for Helen A. Friedel, No. 288–59.

Harold R. Spence and Augustus F. Mack, Jr., Los Angeles, Cal., for S. Rush Bailey, No. 309–59.

Barrick, Poole & Olson, Pasadena, Cal., by Collins & Clements, Los Angeles, Cal., for Charles L. Rachford, No. 310–59.

Pastor & Zipser, Beverly Hills, Cal., for Edith Wagner Trujillo, No. 641–59.

Laughlin E. Waters, U. S. Atty., by Max. F. Deutz, Asst. U. S. Atty., Los Angeles, Cal., for the United States.

Chase, Rotchford, Downen & Drukker, Los Angeles, Cal., for United Air Lines, No. 469–58, and others.

Crider, Tilson & Ruppe, Los Angeles, Cal., for North American Aviation.

HALL, Chief Judge.

■ Motions of the defendant United States of America having come on for hearing on January 25, 1960 and March 7, 1960, after due notice to all parties, before Peirson M. Hall, United States District Judge, presiding, for an Order of Consolidation of the above-entitled cases on the issue of liability only; for Orders of this Court directing the filing of Interrogatories, Answers, Objections and Motions to Strike thereto in the case of Janice Wiener, etc., plaintiff v. United States of America, et al., defendants, Civil No. 469–58 PH, in each of the cases to be consolidated; for an order directing each and all of said plaintiffs to make all further Interrogatories, all Requests for Admissions, all further discovery, and all Objections or Motions directed thereto applicable to, and binding upon each and every of said plaintiffs, and each and every defendant, provided each plaintiff and defendant may within the time provided by the Federal Rules of Civil Procedure object to such Interrogatories or Requests for Admissions; and for an Order that any Interrogatories subsequent to such order of consolidation shall not duplicate the Interrogatories hereto-

fore propounded by any plaintiff against any defendant in any of said cases; and the attorneys for the following parties having appeared:

### Appearance—January 25, 1960

| Case Name | Appearance |
|---|---|
| Janice Wiener as Exec. of the Estate of Norton Wiener, Dec. | Ben Margolis |
| Stephen Emanuel, a minor, etc. et al. | Joseph C. Lavelle (by letter) |
| Ruth E. Simmons, Admin. of the Estate of Wendell A. Simmons | Leo J. Biegenzahn |
| Ethyl E. Kean, Admin. of the Estate of Ralph C. Kean, Jr. | Leo J. Biegenzahn |
| Hazel N. McKinney, Admin. of the Estate of Robert J. McKinney | Leo J. Biegenzahn |
| Leona Mae Petrie, as personal representative of John A. Petrie | Jack Dunaway |
| Max Kaufman, as Admin. of the Estate of Donald Jack Kaufman | Richard L. Oliver |
| Raymond S. Lipson, Admin. of Estate of David H. & Edith R. Lipson | Richard L. Oliver |
| Donald G. Rhoades, Admin. of Estate of Warren Donald Rhoades | Leo J. Biegenzahn |
| Margaret K. Rankin, Admin. of the Estate of Robert Earl Rankin | Leo J. Biegenzahn |
| Martha H. Kallenbaugh, Exec. of Estate of Samuel Robert Kallenbaugh | Robert G. Johnson |
| Carol U. Aaronson, etc. et. al. | Samuel A. Miller |
| Dorothy M. Weil | John C. Gregory |
| Helen A. Friedel & Bank of America etc. | William A. Norris |
| Charles Leo Rachford, Exec. of Estate of Helen Ann Fox Rachford | John F. Poole |
| Arlo W. Munch, Admin. of Estate of William H. Torrans | Richard L. Oliver |
| Alice L. Hight, Special Admin. Estate of Robert J. Hight | Leo J. Biegenzahn |
| Mary A. Parsons, as Special Admin. Estate of Clayton Parsons | Leo J. Biegenzahn |

### Appearances in all of the Above Entitled Cases on Behalf of:

| | |
|---|---|
| United Air Lines, Inc. | Hugh B. Rotchford<br>Otto M. Kaus |
| United States of America | Max F. Deutz |

## Appearance—March 7, 1960

| | |
|---|---|
| Janice Wiener as Exec. of the Estate of Norton Wiener, Dec. | Ben Margolis |
| Ruth E. Simmons, Admin. of the Estate of Wendell A. Simmons | E. M. Mannon |
| Ethyl E. Kean, Admin. of the Estate of Ralph C. Kean, Jr. | E. M. Mannon |
| Hazel N. McKinney, Admin. of the Estate of Robert J. McKinney | E. M. Mannon |
| Max Kaufman, as Admin. of the Estate of Donald Jack Kaufman | Richard L. Oliver |
| Daisy R. Fedrick | James R. Nelson |
| Raymond S. Lipson, Admin. of Estate of David H. & Edith R. Lipson | Richard L. Oliver |
| Donald G. Rhoades, Admin. of Estate of Warren Donald Rhoades | E. M. Mannon |
| Margaret K. Rankin, Admin. of the Estate of Robert Earl Rankin | E. M. Mannon |
| Martha H. Kallenbaugh, Exec. of Estate of Samuel Robert Kallenbaugh | Robert G. Johnson |
| Carol U. Aaronson, etc. et al. | Samuel A. Miller |
| Helen A. Friedel & Bank of America etc. | William A. Norris |
| S. Rush Bailey III, etc. et al. | Harold R. Spence |
| Charles Leo Rachford, Exec. of Estate of Helen Ann Fox Rachford | John F. Poole |
| Arlo W. Munch, Admin. of Estate of William H. Torrans | Richard L. Oliver |
| Alice L. Hight, Special Admin. Estate of Robert J. Hight | E. M. Mannon |
| Mary A. Parsons, as Special Admin. Estate of Clayton Parsons | E. M. Mannon |

### Appearances in all of the Above Entitled Cases on Behalf of:

| | |
|---|---|
| United Air Lines, Inc. | Otto M. Kaus<br>Louis Lee Abbott |
| United States of America | Max F. Deutz |

---

and the Court having taken the matter under consideration, and

It appearing to the Court that each and all of said actions arise out of the same collision in the air between two aircraft; that all persons aboard both said aircraft were killed; that from the pleadings, records and files in all of said matters, the matter of liability for said collision involves questions of fact and of law which are common to each and all of said cases, and that consolidation of

all said cases for trial of the single question of liability will avoid unnecessary costs and delays; but that after the determination of the question of liability, separate trials on the issue of the amount of damages, if any, will avoid prejudice to the rights or claims of any and all parties and will be in the interest of justice; and further good cause appearing therefor,

It is now, therefore, hereby ordered, adjudged and decreed:

(1) That all of the above entitled cases be consolidated on the issue of liability only, but that as to all matters relating to damages, separate files shall continue to be kept in each case and all documents pertaining to the issue of damages will be filed therein and that henceforth each document filed in the above entitled cases shall be specifically designated on its face as to whether the matter relates to damages or liability; that all documents filed on the issue of liability shall be captioned in the lower numbered case, and filed therein, only, to wit, Janice W. Wiener, etc., plaintiff v. United States of America, et al., defendants, Civil No. 469–58 PH, and that this order shall apply to all consolidated cases without the necessity of making specific docket entries in each case, and

(2) That all of the above entitled cases, so consolidated, shall be jointly tried in a separate trial as to liability only, and

(3) That the question of damages, if any, as to the plaintiffs in each of the above entitled cases, shall be tried separately, by separate juries where demanded, unless waived, unless one or more of said plaintiffs consent to a consolidation for trial on that issue, and

(4) That all proceedings with respect to the following be deemed incorporated in the consolidated cases and a part thereof: Interrogatories of the plaintiff Janice Wiener directed to the defendant United States of America, Interrogatories of said plaintiff directed to the defendant United Air Lines, the Answers thereto by the United States of America, the Answers thereto by the defendant United Air Lines, the Objections and Motions to Strike filed by the United States of America and the Motion to Compel Answers to Interrogatories by said plaintiff directed to the United States of America and to United Air Lines, the Motion for Bill of Particulars directed by said plaintiff to the defendant United States of America, and the plaintiff Janice Wiener's Request for Admissions to the defendants United States of America and United Air Lines, and Answers to be filed thereto, reserving to the plaintiffs in each case the right to propose additional Interrogatories and/or Requests for Admissions, Depositions and other discovery proceedings, which do not duplicate Interrogatories or Requests for Admissions, Depositions and other discovery proceedings, heretofore or theretofore propounded and which are otherwise proper, and

(5) All further Interrogatories, Requests for Admissions, Depositions and all further discovery proceedings on the issue of liability and all objections or motions directed thereto, shall be noticed to each and all of the parties and binding upon each and every of said plaintiffs, and each and every defendant, provided the plaintiffs in each case and each defendant may within the time provided by the Federal Rules of Civil Procedure object to such Interrogatories or Requests for Admissions, and

(6) That Interrogatories, Requests for Admissions, Depositions and other discovery proceedings on the issue of liability subsequent to this order of consolidation shall not duplicate previous ones propounded by any plaintiff to any defendant in any of said cases, and

(7) That nothing herein is intended to deprive any defendant of any defense or plea in bar or plea in abatement which such defendant might have which is peculiar to a particular action and not to the actions as consolidated; that in such cases the pleadings shall be directed to, and served upon, the plaintiffs and their attorneys in the specific action concerned and need not be served on the parties in the other consolidated actions, and further

■ (8) This order is made pursuant to the provisions of Federal Rules of Civil Procedure, Rule 42, 28 U.S.C.A., and other applicable laws. Defendant United Air Lines claims that under any order of consolidation of the above cases, the Seventh Amendment to the United States Constitution requires the questions of liability and damages to be tried in all of said cases as consolidated to the same jury. While it appears to the court that a "separate" trial of an issue necessarily means other issues in the same case can be tried by "separate" juries, no case has been cited, and none found, which bears on defendant United Air Lines' contention and for that reason the court is of the opinion that this Order involves a controlling question of law, as defined in 28 U.S.C.A. § 1292(b), as to which there is a substantial ground for differences of opinion, and that an immediate appeal from this order may materially advance the ultimate termination of the litigation.

### On Motion for Change of Venue

As appealing as the idea might be of relieving this court of the burdens involved in the trial, and proceedings antecedent thereto, of the 27 "Las Vegas air crash" cases by transferring them to the District of Nevada under 28 U.S.C. § 1404(a), I am constrained to deny the motion of the United States for such change of venue.

I adopt the conception of the District Court of Delaware in the case of Higgins v. California Tanker Co., 1958, 166 F. Supp. 42, 43, where it was said there must be a "trinity of convenience of parties, convenience of witnesses and interest of justice" to be considered.

■ From the discovery proceedings which have been had so far, I doubt that it would be necessary for the jury to view the site (the crash occurred in the air far above the ground); and while certain control facilities in Nevada presently appear to be involved, it also presently appears that other control facilities might be involved which are located in this District.

As far as the availability of the remains of the aircraft to be seen by the jury, they can be moved into this District just as well as being left in Nevada (if they are there now).

The government witnesses are scattered throughout the world. The United Air Lines witnesses appear to be in Chicago, Denver, Las Vegas and Los Angeles.

Plaintiffs and United Air Lines, in opposing the motion, have pointed out the great expense that would be involved to the United Air Lines and the plaintiffs who reside in this area, some of whom are widows now employed, and with children, to say nothing of the cost that would be involved by their presence in Las Vegas during the trial, as well as the cost of transporting and paying such expert witnesses and other witnesses as they may have.

The government did not list the names of the witnesses who reside in Las Vegas who would be necessary and who would be inconvenienced. No showing is made that they are now separated from the service of the United States, or that it would cause them any inconvenience or expense to appear in Los Angeles.

While it may well be that the District of Nevada is the only District which would have jurisdiction of all of the 47 suits now pending in 12 different jurisdictions in the United States, I conclude that balancing the convenience of the parties, of their witnesses, and in the interest of justice, the balance is on the side of the plaintiffs and United Air Lines in this case, and that it would be a greater inconvenience to them and to their witnesses, and thus not in the interest of justice, to transfer the cases to the District of Nevada.

The Motion of the United States for change of venue to the District of Nevada is denied.