Richard Edward SPARKS, a minor, James Eric Sparks, a minor, and Kimberly Sparks, a minor, by Dessie Robertson, their next friend, Plaintiffs,

v.

W. E. GRAHAM and George Wesley Johnson, Defendants.

Civ. A. No. 827.

United States District Court
N. D. Florida,
Tallahassee Division.

Aug. 24, 1961.

W. J. Oven, Jr., and Leo L. Foster, Caldwell, Parker, Foster, Madigan & Oven, Tallahassee, Fla., for plaintiffs.

Andrew G. Pattillo, Jr., Sturgis & Pattillo, Ocala, Fla., A. Frank O'Kelley, Keen, O'Kelley & Spitz, Tallahassee, Fla., for defendants.

CARSWELL, Chief Judge.

Plaintiffs, as residents and citizens of Georgia, instituted this action to recover damages for bodily injuries sustained by them and for the wrongful death of their parents in an automobile collision which occurred in Citrus County within the Southern District of Florida.

Defendants are citizens of Florida and residents of the Marianna Division of this court.

Complaint was filed in the Tallahassee Division of this court.

Defendants move this Court to transfer this action to the Southern District of Florida, Ocala Division, under the provisions of 28 U.S.C. § 1404(a). They have waived any objections to venue which might have been made at Ocala. In support of this motion facts were asserted by affidavit for defendants which were not controverted at the hearing. These are some of the more pertinent facts: the scene of the accident in Citrus County is 160 miles from Tallahassee but only 37 miles from Ocala; there were no eye witnesses to the accident but all potential witnesses, highway patrolmen, deputy sheriffs, persons who appeared on the scene immediately after the accident, photographer, doctors, nurses, reside

within 37 to 96 miles of Ocala but 160 to 232 miles from Tallahassee.

There was no showing that trial of this case would be delayed in any way by the transfer. To the contrary it appeared that actual trial date might well be reached sooner at Ocala than Tallahassee due to the ripening of this litigation through normal discovery process, etc., at a time more amenable to the normal calendar of the Ocala term than at Tallahassee.

This Court finds, upon the undisputed facts before it, that there would be material saving of expense to litigants, that the attendance of witnesses could be more readily facilitated, that all evidence to be adduced could be more expeditiously accomplished, and that it would be in the interest of justice to transfer this case to the Ocala Division of the Southern District of Florida. Nevertheless, this Court must deny this motion to transfer.

28 U.S.C. § 1404(a) replaces the common law doctrine of forum non conveniens, and reads:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The Supreme Court has defined the scope of this language and the power of the district courts to transfer cases thereunder in Hoffman v. Blaski et al., 1960, 363 U.S. 335, 80 S.Ct. 1084, 1085, 4 L.Ed.2d 1254. The words "might have been brought" were held in the Hoffman case to mean, in effect, where an action might have been commenced by the filing of complaint by plaintiff, where service of process and venue were attainable on defendants without defendants' voluntary acceptance of process and without defendants' waiver of venue. The minority opinion in Hoffman, supra, tends to underscore the limitation imposed upon this Court in this regard, even in the face of an unchallenged finding of convenience to all concerned, reduction of expenses of litigation and the likelihood of an ac-

celerated trial date. Since neither of the defendants reside in the Ocala Division of the Southern District of Florida it cannot be transferred there despite their waiver of venue. Since service of process against these defendants could have been obtained from the Ocala Division, only lack of venue with reference to the defendants is present here. But, this Court concludes from a reading of both the majority and minority opinions in the Hoffman case that *both* service of process and venue with reference to at least one defendant must be present to meet the test as defined by 28 U.S.C. § 1404(a). Like conclusion was also reached by Chief Judge Wright in United Airlines, Inc. v. United States, D.C.Del.1961, 192 F.Supp. 796 where the results there also left much to be desired in the orderly administration of justice, but which were nonetheless quite plainly required in the application of the law.

Order denying motion to transfer to the Southern District of Florida is, therefore, entered.