**SCHONBUCH**

v.

**LEE FLEET MANAGEMENT, INC.**

**SCHONBUCH**

v.

**STREB.**

United States District Court
S. D. New York.
Dec. 28, 1961.

Gair & Gair, New York City, for plaintiff, Herman D. Brand, New York City, of counsel, for motion for change of venue.

Cusack, Shumate & Geoghan, New York City, for defendants, William L. Shumate, New York City, of counsel.

COOPER, District Judge.

Defendants have moved pursuant to 28 U.S.C. § 1404(a) for an order transferring this action from the Southern District to the Northern District of New York. For the reasons indicated below the motion is denied.

The statute (28 U.S.C. § 1404(a)) provides that:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In the case at bar, the action was brought by plaintiff to recover damages for the loss of his leg and for other personal injuries which he alleges resulted from an automobile accident on August 16, 1960 near the village of Tully in upstate New York.

■■ Plaintiff is a resident of New York City. In addition, the driver of the automobile in which plaintiff was a passenger just before the accident occurred is also a resident of New York City. Each of the corporate defendants has a place of business in New York City and would appear better able than the plaintiff to bear the attendant expense and possible inconvenience of a trial in a place not of its choice. They do business in many cities and might reasonably have expected the possibility of suits in many forums. See Bush v. United Air Lines, Inc., 148 F.Supp. 104 (S.D.N.Y., 1956). Further, the countervailing convenience of the plaintiff must also be given considerable weight, especially in view of the fact that the plaintiff retains the burden of proving the negligence of defendants and his own freedom from contributory negligence before he can recover. See Ford Motor Co. v. Ryan, 182 F.2d 329, 330 (2nd Cir., 1950)

Although the individual defendant, Thomas P. Streb, is presently a citizen of Wisconsin, the court can find no significant inconvenience in the need for him to travel to the Southern District, rather than the Northern District of New York.

Defendants have, moreover, failed to establish the existence of such substantial inconvenience to *necessary* or *essential* witnesses as would warrant transfer of this action. It is also to be noted that numerous medical witnesses from the New York City hospital where plaintiff was treated will, in all probability, be called to testify.

In sum, defendants have not sustained the burden cast upon them of establishing that the balance of inconvenience is strongly in their favor. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Lykes Bros. S.S. Co. v. Sugarman, 272 F.2d 679 (2nd Cir., 1959).

Accordingly, the motion is denied. So ordered.