R. Mandel SILVER and Judy R. Silver,
Plaintiffs,

v.

Arnold O. GOODMAN, Defendant.

Civ. No. 10282.

United States District Court
D. Connecticut.

Oct. 19, 1964.

---

Harold Weiss, Rye, N. Y., Lazarus S. Heyman, Danbury, Conn., for plaintiffs.

Francis J. Moran, New Haven, Conn., for defendant.

ZAMPANO, District Judge.

On October 28, 1962, the plaintiffs, citizens of Kansas, were involved in a multiple car accident on a highway in the State of Massachusetts. One of the other owners and operators of the colliding vehicles, Arnold O. Goodman, was a citizen of the State of Connecticut; the remaining owners and operators involved were citizens of the State of New York.

On August 12, 1963, the plaintiffs instituted an action in the United States District Court, Southern District of New York, naming as defendants not only the citizens of New York but also Goodman, whom the plaintiffs knew at the time was not subject to the jurisdiction of that court and not amenable to service of process there. The named defendants from New York responded to the action but Goodman, despite entreaties by the plaintiffs, refused to submit to the jurisdiction of the federal court in the Southern District. Thereupon, on February 6, 1964, plaintiffs instituted an action in this Court against Goodman, claiming damages as a result of the

aforementioned accident. During the months of February, March and April, 1964, the pleadings were closed and discovery proceedings commenced.

■ On August 17, 1964, counsel for all the parties submitted to the Court a stipulation for transfer of the case to the Southern District of New York and for consolidation of the action with the case pending there. The stipulation read as follows:

"IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for the respective parties hereto that the above action be and the same hereby is transferred and consolidated with the action now pending in the United States District Court, Southern District of New York, against the defendants, Mark H. Markham, Alan M. Stroock, and Arnold O. Goodman, which action bears Clerk's Number 63 Civ. 2396, and which action in the United States District Court for the Southern District of New York, arises out of an automobile accident against all of these defendants, and this action is being consolidated in order to have all of the parties defendant before the same tribunal and in order to save the time of Court and counsel; and it is further

"STIPULATED AND AGREED that the Clerk of this Court shall send his file to the Clerk of the United States District Court for the Southern District of New York, upon the signing of the order herein."

This Court refused to approve the transfer order because it had reservations concerning its power to do so. As more fully discussed hereinafter, the issue is a jurisdictional one. Since the jurisdictional question should be reexamined by the transferee court and may be raised at any time by the parties during and after trial, the transferor court should be completely satisfied as to its power to transfer regardless of a stipulation between the parties. Hoffman v. Blaski, 363 U.S. 335, 340, 80 S.Ct. 1084, 4 L.Ed. 2d 1254 (1960); Goldstone v. Payne, 94

F.2d 855, 857 (2 Cir. 1938), certiorari denied, 304 U.S. 585, 58 S.Ct. 1057, 82 L.Ed. 1547 (1938).

A hearing to resolve the matter was scheduled by this Court for September 14, 1964. In the meantime, on September 2, 1964, defendant Goodman filed a motion to amend his answer to allege the one year statute of limitations governing negligence actions in Connecticut. The applicable statutes of limitations in Massachusetts and New York are two years and three years, respectively. At the hearing on September 14th, plaintiffs filed a motion entitled "Cross-motion To Remove This Action To The United States District Court, Southern District of New York". Consistent with being a consenting party to the stipulation for transfer, defendant does not object to plaintiffs' motion.

■ In support of their motion, plaintiffs cite Rule 42(a) of the Federal Rules of Civil Procedure:

"(a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

Plaintiffs' reliance on this rule is misplaced. Rule 42(a) pertains only to the consolidation of actions pending before the same court; it does not authorize the transfer of a case to a different district for consolidation with a case pending in the transferee court. National Equipment Rental Ltd. v. Fowler, 287 F.2d 43, 47 (2 Cir. 1961); Anschell v. Sachkeim, D.C., 145 F.Supp. 447, 451 (1956).

Actually, plaintiffs' request is governed by the provisions of 28 U.S.C. § 1404(a), which provides:

"§ 1404. Change of venue

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may trans-

fer any civil action to any other district or division where it might have been brought."

The Court will entertain plaintiffs' motion as if made pursuant to this statute. To authorize the transfer they seek the Court must find: 1) that the plaintiffs had a right to bring their action against Goodman in the Southern District of New York and 2) that the transfer will serve the convenience of the parties and witnesses, in the interest of justice.

In Hoffman v. Blaski, supra, the Supreme Court clarified to a considerable extent the meaning of the phrase "might have been brought". In effect, it held that if the transferee court was an alternative forum available to the plaintiff in the first instance, then that court is a district where the action "might have been brought". Philip Carey Manufacturing Company v. Taylor, 286 F.2d 782, 784 (6 Cir. 1961). This interpretation clearly prohibits the transfer of the instant case because it is conceded that the plaintiffs could not sue Goodman in the State of New York at the time they commenced their action. The plaintiffs actually attempted to bring their action there but failed because the federal court in the Southern District lacked both in personam jurisdiction over Goodman and statutory venue to hear the case. 28 U.S.C. § 1391(a). If this Court transferred the case as requested, it would be sending the action to a forum where it might *not* have been brought in direct conflict with the Supreme Court's ruling.

Thus, if it were not for the stipulation of all the parties, the matter would be readily disposed of on the authority of Hoffman v. Blaski, supra. But does the lack of an objecting party effectively distinguish Hoffman v. Blaski from the case at bar? See, 1 Moore, Federal Practice, § 145 [6.–2] at pp. 1791–94. An affirmative answer would establish the rule that the transfer of a case to another forum under § 1404(a) is permitted upon the motion of one party with the consent of all other parties, regardless of the technical, limiting phrase "where it

might have been brought". Such a ruling would find sanction in decisions of this Circuit, Torres v. Walsh, 221 F.2d 319 (2 Cir. 1955); Anthony v. Kaufman, 193 F.2d 85 (2 Cir. 1951), certiorari denied, 342 U.S. 955, 72 S.Ct. 629, 96 L.Ed. 710 (1952); and would reflect an increased desire on the part of the federal courts to abide the wishes and convenience of the parties rather than unduly restrict them by technicalities they wish to waive. Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

■ However, this Court reads Blaski to cover the situation at bar. Blaski prohibits an application of the phrase "where it might have been brought" as if it read "where it might have been brought *now*". Consent to transfer by defendant and his waiver of objections to venue and service of process is of no effect. Mr. Justice Whittaker states in Hoffman v. Blaski, 363 U.S. at pages 342–343, 80 S.Ct. at page 1089, that the phrase "where it might have been brought" cannot be interpreted to mean "where it may now be rebrought, with defendants' consent" and cites with approval the dissenters in Paramount Pictures, Inc. v. Rodney, 186 F.2d 111 (3 Cir. 1950):

"But we do not see how the conduct of a defendant after suit has been instituted can add to the forums where 'it might have been brought'. In the normal meaning of words this language of Section 1404 (a) directs the attention of the judge who is considering a transfer to the situation which existed when suit was instituted."

■ The added fact that a similar suit is pending in the transferee court does not alter or eliminate the requirement that the forum of transfer must qualify as a place where the suit "might have been brought". Goranson v. Capital Airlines, Inc., D.C., 221 F.Supp. 820, 823–824 (1963).

The Supreme Court's authoritative construction of the language of § 1404(a)

compels the Court to rule that it is without power to transfer this case to the Southern District of New York despite the consent of all the parties in the action. See, Sparks v. Graham, D.C., 196 F.Supp. 414, 415 (1961).

With respect to defendant's motion to amend, there are sufficient reasons to grant the motion. Although the pleadings are closed, discovery procedures are still in progress and the case has not been pre-tried. Moreover, plaintiffs' objections are framed only on the premise that the case would be transferred to New York and they registered no objection to the amendment if the action is to remain here.

Accordingly, plaintiffs' motion to transfer is denied and defendant's motion to amend is granted.